EVERSHEDS SUTHERLAND (US) LLP
Ian S. Shelton (SBN 264863)
ianshelton@eversheds-sutherland.com
500 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone:     (916) 844-2965
Facsimile:      (916) 241-0501

EVERSHEDS SUTHERLAND (US) LLP
Gail Westover (*PHV* forthcoming)
gailwestover@eversheds-sutherland.com
John Hays (*PHV* forthcoming)
johnhays@eversheds-sutherland.com
700 Sixth Street, NW, Suite 700
Washington, DC  20001-3980
Telephone:  (202) 383-0882
Facsimile:   (202) 637-3593

*Attorneys for Defendant Cognizant Technology Solutions, U.S. Corporation*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAJAL PRASAD,<br><br>           Plaintiff,<br><br>     vs.<br><br>COGNIZANT TECHNOLOGY SOLUTIONS US CORPORATION, a Delaware Corporation and DOES 1 through 50, Inclusive.<br><br>           Defendants. | CASE NO.: 5:22-cv-319<br><br>**NOTICE OF REMOVAL BY DEFENDANT COGNIZANT TECHNOLOGY SOLUTIONS, US CORPORATION** |

NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Cognizant Technology Solutions US Corporation ("Cognizant" or "Defendant") gives notice of removal of the action captioned *Kajal Prasad v. Cognizant Technology Solutions, US Corporation, a Delaware Corporation and Does 1 through 50, Inclusive*, Case No. 21-cv-392117, on the docket of the Superior Court of the State of California, County of Santa Clara ("California Action"). Plaintiff Kajal Prasad ("Prasad" or "Plaintiff"), filed her complaint in the California Action on December 7, 2021 ("California Complaint"). Cognizant received service of the California Complaint on December 17, 2021. The present notice of removal is supported by the Declaration of Jvonne Telfair ("Telfair Decl."). In support of this removal, Cognizant states as follows:

## FACTUAL BACKGROUND

1. Plaintiff filed the California Complaint against Cognizant on or about December 7, 2021. *See* Ex. 3, California Complaint.

2. Plaintiff served Cognizant on December 17, 2021. Ex. 4, State Court Pleadings including Proof of Service of the California Complaint; *see also*, Telfair Decl. at ¶ 6.

3. Plaintiff is a resident of Santa Clara County California. California Complaint at ¶ 2.

4. Cognizant is incorporated under the laws of the state of Delaware. Telfair Decl. at ¶ 3. Cognizant's principal place of business is in College Station, Texas because that is where its corporate headquarters is located, and its executive functions, including day-to-day decision making for the Company, are performed there. Telfair Decl. at ¶ 4.

5. Plaintiff alleges that in February 2019, her employer Net2source, assigned her to an IT Support role for Nvidia as a contractor. California Complaint at ¶¶ 6-8 and Telfair Dec. at ¶ 5.

6. Plaintiff alleges that Ramesh Pulagam ("Pulagam") offered her a full-time role with Cognizant in exchange for an intimate relationship. California Complaint at ¶ 12. Plaintiff further alleges that after she declined Pulagam's advance he became hostile towards her and critical of her work for Nvidia. California Complaint at ¶¶ 14-15.

7. Plaintiff alleges her employment terminated on February 7, 2020. California Complaint at ¶ 16.

8. Plaintiff seeks the following damages related to her allegations in the California Complaint:

    a. Loss of past and future earnings;

    b. Non-economic damages for emotional harm in excess of the minimum jurisdictional amount of the Superior Court of Santa Clara California; and

    c. Punitive and exemplary damages.

See California Complaint "Prayer for Relief" at p. 5.

9. Plaintiff provided contract work for Cognizant through Net2source. Telfair Decl. at ¶ 5. Although Cognizant did not pay Plaintiff directly, her annual compensation based on the contract work she performed was approximately $76,960.00. Telfair Decl. at ¶ 5.

## GROUNDS FOR REMOVAL

10. This case is removable because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

### A. Complete Diversity Exists

11. In accordance with 28 U.S.C. § 1332, there is complete diversity between the parties. At the time of filing the California Action on December 7, 2021, Plaintiff was a California citizen. At the time of filing the California Action on December 7, 2021, Defendant Cognizant was a Delaware Corporation with its principal place of business in College Station, Texas. Upon information and belief, Plaintiff's citizenship remained the same from the time of filing to the time of removal. Cognizant's citizenship remained the same from the time of filing to the time of removal. Accordingly, complete diversity of citizenship between the parties existed at the time of filing and the time of removal.

### B. The Amount in Controversy Exceeds $75,000

12. Plaintiff does not allege a specific monetary amount of damages she seeks in her case. See California Complaint. Instead, Plaintiff alleges loss of past and future earnings, damages for emotional injury and harm in excess of the jurisdictional limits of the California Superior

1  Court for Santa Clara County, and exemplary and punitive damages. California Complaint at p. 5.

2       13.    Although Plaintiff does not alleges a specific amount of monetary damages, the
3  attached declaration of Jvonne Telfair establishes that the amount in controversy between the
4  parties exceeds $75,000, exclusive of interest and costs.

5       14.    Plaintiff's annual compensation was approximately $76,960.00. As one element of
6  alleged damages, which are denied, Plaintiff claims lost earnings from the date of her alleged
7  termination (February 7, 2020) to December 7, 2021 (the date she filed the California Action) or
8  approximately 95 weeks. Plaintiff's hourly rate ($37/hr) multiplied by 40 hours per week for a
9  total of 95 weeks equals approximately $140,600. Therefore, the value of Plaintiff's claim for lost
10 past earnings alone exceeds $75,000.[1]

11     **C.**    **Removal was Timely**

12      15.    28 U.S.C. § 1446 (b)(1) provides: "The notice of removal of a civil action or
13 proceeding shall be filed within 30 days after the receipt by the defendant, through service or
14 otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action
15 or proceeding is based, or within 30 days after the service of summons upon the defendant if such
16 initial pleading has then been filed in court and is not required to be served on the defendant,
17 whichever period is shorter."

18      16.    As set for above, Plaintiff served Cognizant on December 17, 2021. Therefore,
19 Cognizant's Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

20                **COMPLIANCE WITH REMOVAL STATUTE**

21      17.    Cognizant's Notice of Removal was properly filed in the United States District
22 Court for the Northern District of California, because the Superior Court of the State of California,
23 County of Santa Clara, is located within the Northern District of California.  Venue for removal is

---

[1] Plaintiff does not state for how long she seeks lost future earnings but, even assuming it is only for one year ($76,960), that amount also satisfies the amount in controversy requirement to justify removal to this Court. Plaintiff also seeks non-economic damages for emotional injury and harm in excess of the minimum jurisdictional limits of the California Superior Court for Santa Clara County (which is $25,000) and an undisclosed amount of exemplary and punitive damages, which the Court can take into account when evaluating whether it is "more likely than not" that her alleged damages exceed $75,000 exclusive of interest and costs. (Williams v. Am. Airlines, Inc. (N.D.Cal. Mar. 23, 2020, No. 19-cv-08434-JSC) 2020 U.S.Dist.LEXIS 49949, at *11.).

therefore proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

18. Cognizant's Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(a).

19. Cognizant's Notice of Removal is timely under 28 U.S.C. § 1446(b)(1).

20. Pursuant to 28 U.S.C. § 1446(a), attached hereto are copies of all process documents, pleadings and orders served on Cognizant by Plaintiff with respect to this action. The following chart reflects the exhibit numbers for the state court documents:

| Doc. No. | Date | Document |
|---|---|---|
| 1 | 12/7/2021 | Civil Case Cover Sheet |
| 2 | 12/7/2021 | Summons |
| 3 | 12/7/2021 | Complaint |
| 4 | 12/20/2021 | Proof of Service: Summons |

21. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy, along with a Notice to Clerk of Removal, will be promptly filed with the Clerk of the Superior Court of the State of California, County of Santa Clara.

## CONCLUSION

For the foregoing reasons, Cognizant respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Superior Court of the State of California, County of Santa Clara.

| | | |
|---|---|---|
| 1 | DATED:   January 15, 2022 | EVERSHEDS SUTHERLAND (US) LLP |
| 2 | | |
| 3 | | By */s/ Ian S. Shelton* |
| | | Ian S. Shelton |
| 4 | | |
| 5 | | *Attorneys for Defendant Cognizant Technology Solutions, U.S. Corporation* |

**PROOF OF SERVICE**

I certify that on January 15, 2022, I served the foregoing document via electronic mail and U.S. mail on the following counsel for Plaintiffs:

Jeffrey A. Lipow
Lipow & Harris
27943 Seco Cyn. Rd., #309
Santa Clarita, CA 91350
Telephone: (818) 905-0507
Email: jlipow@lipowharris.com

*Attorneys for Plaintiff*
*Kajal Prasad*

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

DATED:   January 15, 2022            EVERSHEDS SUTHERLAND (US) LLP

                                     By   */s/ Ian S. Shelton*
                                          Ian S. Shelton

                                          *Attorneys for Defendant Cognizant Technology*
                                          *Solutions, U.S. Corporation*