# EXHIBIT 3

JEFFREY A. LIPOW (82339)
LIPOW & HARRIS
27943 Seco Cyn. Rd., #309
Santa Clarita, CA 91350
Telephone: (818) 905-0507
Email: jlipow@lipowharris.com

Attorneys for Plaintiff
KAJAL PRASAD

E-FILED
12/7/2021 2:20 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
21CV392117
Reviewed By: V. Taylor

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| KAJAL PRASAD<br><br>Plaintiff,<br><br>vs.<br><br>COGNIZANT TECHNOLOGY SOLUTIONS, U.S., Corporation, a Delaware corporation; and DOES 1 through 50, Inclusive.<br><br>Defendants. | Case No. 21CV392117<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1) **Wrongful Termination in Violation of Public Policy**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiff, Kajal Prasad, alleges as follows:

### GENERAL ALLEGATIONS

1. The events alleged herein occurred within the County of Santa Clara, State of California.

2. At all times relevant, Plaintiff was a resident of the County of Santa Clara, State of California.

3. Defendant Cognizant Technology Solutions U.S. Corporation (Cognizant) was and is a corporation duly formed and organized a pursuant to the laws of the State of Delaware, and authorized to do and is doing business in the County of Santa Clara, State of California.

4. The true names, identities and capacities, whether, individual, associate, corporate or otherwise, of Defendants Does 1 through 50, inclusive, are unknown to

-1-
COMPLAINT

1  Plaintiffs at this time, who therefore sues said Defendants by such fictitious names. When
2  the true names and capacities or participation of such fictitiously designated Defendants
3  are ascertained, Plaintiffs will seek leave of Court to amend this Complaint to insert said
4  true names, identities, capacities, together with the proper charging allegations. Plaintiffs
5  are informed and believe and thereupon allege that each of the Defendants sued herein
6  as Doe is responsible in some manner for the events and happenings hereinafter referred
7  to thereby proximately causing the injuries and damages to Plaintiff as hereinafter set
8  forth.

9      5.    Plaintiff is informed and believes and thereon alleges that, at all times
10 mentioned herein, each of the Defendants, including the fictitiously named defendants,
11 was the agent and employee of each of the remaining Defendants, and in doing the things
12 hereinafter alleged, was acting within the scope and course of such agency. Plaintiffs are
13 further informed and believe and thereupon allege that at all times relevant hereto, each of
14 the Defendants and the fictitiously named Defendants acted in concert and in furtherance
15 of each others' interest. In fact, there is such a unity of interest and ownership between
16 and among all Defendants that any separateness between them has ceased to exist, such
17 that Defendants, and each of them, are the alter egos of each other. Based on the facts
18 alleged herein, adherence to the legal fiction of the existence of all Defendants separate
19 and apart from each other would sanction their wrongful conduct and promote injustice.

20     6.    At all times relevant, Cognizant provided IT support for Nvidia Company in
21 the City of Santa Clara, County of Santa Clara, State of California.

22     7.    Net2source is an employment agency with whom Plaintiff had posted her
23 resume on a job portal. Plaintiff is informed and believes that Cognizant contracted with
24 Net2source to provide potential employees for positons Cognizant was seeking to fill. As
25 part of the arrangement between Cognizant and Net2source, if Cognizant hired an
26 employee through Net2source, Net2source would handle all payroll and related taxes for
27 the employee.

28     8.    In or about February 2019, Plaintiff was contacted by Cognizant through the

job portal where she had posted her resume regarding a potential job opening. Plaintiff was interviewed by an employee of Cognizant, Ramesh Pulagam (Pulagam), after which she was hired to work with Cognizant's support team located on the Nvidia campus. Throughout her emplacement with Cognizant, Plaintiff's payroll and pay checks came from Net2source.

9. As a matter of law under the California Fair Employment Housing Act (FEHA) Plaintiff was an employee of Cognizant as:

   A. Cognizant was responsible for hiring and firing Plaintiff
   B. Cognizant trained Plaintiff to work of a member of its IT support team on the Nvidia campus.
   C. Cognizant controlled, managed, directed and supervised Plaintiff's daily work activities.
   D. Pulagam was Plaintiff's direct supervisor throughout her employment.

10. Plaintiff commenced her employment with Cognizant in or about February 2019 on its IT support team at the Nvidia campus.

11. Prior to November 2019, Plaintiff received nothing but compliments for her work performance. Pulagam complimented Plaintiff's performance and asked her if she was interested in becoming a fulltime employee with Cognizant. Plaintiff stated that she enjoyed her work and would very much like to become a fulltime employee with Cognizant.

12. In or about early November 2019, Pulagam asked Plaintiff to accompany him to dinner after work. During dinner, Pulagam told Plaintiff that he wanted a relationship with Plaintiff and told her that he could make her a fulltime employee with Cognizant with a raise. He said, "I take care of you, you take care of me," intimating a sexual relationship. Plaintiff declined Pulagam's quid pro quo offer.

13. Plaintiff drove Pulagam to the restaurant as he did not have his vehicle, and after dinner, dropped him off at his apartment. Pulagam stated, "You should give me a kiss for the night." Plaintiff declined.

14. Immediately subsequent to the dinner, Pulagam became hostile towards Plaintiff and highly critical of her work performance. He accused her of having poor customer support service, and reported to other managers that Plaintiff was a poor performer. The criticisms of Plaintiff's job performance by Pulagam were persistent.

15. In or about the later part of January 2020, Pulagam told Plaintiff that if she reconsidered his proposal made during the dinner that everything would go back to normal. Pulagam told Plaintiff that she had one week to consider his proposal.

16. On February 7, 2020, Plaintiff was terminated from her employment with Cognizant.

## FIRST CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### (Against all Defendants)

17. Plaintiff incorporates by reference all previous paragraphs of this Complaint.

18. A fundamental public policy embodied in California's Fair Employment and Housing Act is that employees have a right to be free of sexual harassment, including quid pro quo harassment, in the workplace, and a right to be free from retaliation for resisting sexual harassment in the workplace.

19. Defendants, and each of them, violated the public policies of California in terminating Plaintiff's employment as alleged herein.

20. The aforementioned unlawful employment practices on the part of Defendants, and each of them, were a substantial factor in causing damages and injuries to Plaintiff as set forth below.

21. As a result of the aforesaid unlawful acts of Defendants, and each of them, Plaintiff has lost, and may continue to lose, income and benefits in an amount unascertained at this time according to proof at time of trial. Plaintiff claims such an amount in damages together with pre-judgment interest pursuant to California Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

22. As a result of the aforesaid unlawful acts of Defendants, and each of them,

Plaintiff was personally humiliated, suffered mental and emotional injury and distress, all to her general damage in an amount in excess of the minimum jurisdiction of this Court, according to proof at the time of trial.

23. The aforesaid acts directed towards Plaintiff were carried out with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud or malice pursuant to California Civil Code section 3294, entitling Plaintiff to exemplary damages in a sum which is an amount appropriate to punish and set an example of Defendants, and each of them, to deter such conduct in the future, and to set an example for others, in an amount according to proof at time of trial. Further, Defendants knowingly employed a person who they knew sexually harassed other employees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment against all Defendants, and each of them, as follows:

1. For loss of earnings and earning ability, past and future, plus prejudgment interest thereon according to proof at time of trial;

2. For non-economic damages for emotional injury and harm in an amount in excess of the minimum jurisdictional amount of this Court, according to proof at time of trial;

3. For punitive and exemplary damages according to proof;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems just and proper.

Dated: December 7, 2021                     **LIPOW & HARRIS**

                                            By: *Jeffrey A. Lipow*
                                            JEFFREY A. LIPOW
                                            Attorneys for Plaintiff
                                            KAJAL PRASAD

-5-
COMPLAINT